UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DONALD MANN,<br><br>            Plaintiff,<br><br>     v.<br><br>MUTUAL OF OMAHA; and DOES 1 through 20, inclusive,<br><br>            Defendants. | CIV. NO. 2:16-02560 WBS CMK<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiff Donald Mann brought this action against defendant Mutual of Omaha, asserting claims arising out of defendant's denial of benefits under a long-term care insurance policy.  The matter is now before the court on defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Def.'s Mot. (Docket No. 7).)

I.   Factual and Procedural History

Defendant issued a "Comprehensive Long-Term Care Insurance Policy" to plaintiff whereby defendant would provide

1

daily payments to plaintiff if plaintiff developed a cognitive impairment as a result of sickness or injury.[1]  (Compl. ¶¶ 3-4 (Docket No. 1).)  On September 12, 2009, plaintiff allegedly fell and suffered a head injury.  (Id. ¶ 7.)  Plaintiff allegedly submitted a claim for benefits under the policy on March 30, 2010.  (Id.)  Plaintiff alleges that "[s]ince March 30, 2010, . . . [defendant] has failed and refused and continue[s] to fail and refuse to provide benefits to Plaintiff" under the policy.  (Id. ¶ 8.)

Plaintiff initiated this suit in Sacramento County Superior Court on September 2, 2016, alleging breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and financial abuse of an elder.  Defendant removed this case to federal court.  Defendant now moves to dismiss the entire Complaint.

II.  Legal Standard

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all

---

[1] A court may take judicial notice of "documents . . . alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted).  Because plaintiff's Complaint "incorporates" the policy and neither party questions its authenticity, the court takes judicial notice of the policy.  (See Thompson Decl., Ex. A ("Policy") (Docket No. 7-1).)

"[T]he court cannot consider material . . . such as facts presented in briefs, affidavits, or discovery materials."  Allison v. Brooktree Corp., 999 F. Supp. 1342, 1347 (S.D. Cal. 1998) (citing McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1219 (9th Cir. 1990)).  The court will thus not consider plaintiff's counsel's affidavit.  (See Barr Decl. ¶ 1 (Docket No. 9-1).)

reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Under this standard, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

III. Discussion

Defendant first argues that the court must dismiss the Complaint because the applicable statute of limitations bars all claims. (Def.'s Mot. 1:8-11.) "A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." Seven Arts Filmed Entm't Ltd. v. Content Media Corp., 733 F.3d 1251, 1254 (9th Cir.

1  2013) (quoting Conerly v. Westinghouse Elec. Corp., 623 F.2d 117,
2  119 (9th Cir. 1980)).  Under California law, "an unconditional
3  denial of coverage commences the running of the . . . statute of
4  limitation."  Vu v. Prudential Prop. & Cas. Ins. Co., 26 Cal. 4th
5  1142, 1146, 1149 (2001) (citing Neff v. N.Y. Life Ins. Co., 30
6  Cal. 2d 165, 169 (1947)).

7       The Complaint does not allege when defendant
8  unconditionally denied plaintiff's claim.  Plaintiff alleges that
9  defendant has "failed and refused and continue[s] to fail and
10 refuse to provide benefits to plaintiff" since plaintiff first
11 submitted his claim on March 30, 2010.  (Compl. ¶ 8.)  Plaintiff
12 alleges that defendant "has repeatedly stated that it is
13 investigating the claim" and that defendant has "adopted a policy
14 of delay and deny."  (Id. ¶¶ 8-9 (emphasis added).)  He further
15 alleges that defendant has been investigating plaintiff's claim
16 and has, during this time period, "refused to make any payments
17 to Plaintiff."  (Id. ¶ 9.)

18       While defendant allegedly did not accept plaintiff's
19 claim on March 30, 2010, a refusal to pay benefits pending an
20 investigation is not an unconditional denial.  See Singh v.
21 Allstate Ins. Co., 63 Cal. App. 4th 135, 142 (4th Dist. 1998)
22 (holding the statute of limitations began running after "a claim
23 has been made, the carrier has pursued its investigation, and the
24 claim has been denied.").  Because it not clear from the face of
25 the Complaint that the statute of limitations bars plaintiff's
26 claims, the court cannot dismiss the Complaint on that ground.

27       However, defendant also argues that the Complaint must
28 be dismissed because the policy contains a suit limitations

4

1  clause and plaintiff did not file suit within the contractually
2  agreed-upon period.  (Def.'s Mot. 1:12-14.)  Insurance policies
3  may contain contractual limitations clauses limiting the
4  insured's right to sue the insurer to enforce the policy to a
5  period shorter than the statute of limitations.  See Heimeshoff
6  v. Hartford Life & Accident Ins. Co., 134 S. Ct. 604, 611 (2013)
7  (holding a provision in a contract can limit "the time for
8  bringing an action on such contract to a period less than that
9  prescribed in the general statute of limitations"); Wetzel v. Lou
10 Ehlers Cadillac Grp. Long Term Disability Ins. Program, 222 F.3d
11 643, 650 (9th Cir. 2000).  The court will enforce a policy's
12 contractual limitations provision unless "the period [to bring
13 suit] is unreasonably short."  Heimeshoff, 134 S. Ct. at 612; see
14 Prudential-LMI Commercial Ins. v. Superior Court, 51 Cal. 3d 674,
15 683 (1990).

16         The policy explicitly provides that "plaintiff cannot
17 bring a legal action to recover under [the] policy for at least
18 60 days after [plaintiff] ha[s] given [defendant] proof of loss."
19 (Policy at 17 (Docket No. 7-1).)  Further, plaintiff "cannot
20 start such an action more than 3 years after the date proof of
21 loss is required," and the policy requires that plaintiff "must
22 give [defendant] written proof of loss within 90 days after the
23 date of such loss."  (Id. at 16-17.)  Plaintiff was thus
24 contractually required to commence any action within three years
25 and ninety days after the date he allegedly became entitled to
26 benefits under the policy.  This contractual time limitation is
27 not unreasonable.  See Bonin v. Provident Life & Accident Ins.
28 Co., Case No. 14-cv-00614-SI, 2015 WL 1967260, at *3-4 (N.D. Cal.

1   May 1, 2015) (upholding three-year contractual limitation
2   period); Frazier v. Metro. Life Ins. Co., 169 Cal. App. 3d 90,
3   103 (2d Dist. 1985) (upholding two-year contractual limitation
4   period on a life insurance policy).

5           Plaintiff allegedly suffered his head injury on
6   September 12, 2009, and submitted his claim for deterioration of
7   his mental cognitive capacity on March 30, 2010.  (Compl. ¶ 7.)
8   Plaintiff initiated this action in August 2016, over six years
9   after plaintiff incurred the alleged injury and submitted his
10  claim for coverage.  (See id. at 1.)  It thus appears from the
11  complaint that plaintiff did not bring a legal action within the
12  time period proscribed in the suit limitations clause.

13          Plaintiff argues that defendant never informed
14  plaintiff of the applicable time limits that apply to his claim
15  and thus is estopped from asserting the suit limitation
16  provision.  (Pl.'s Opp'n 6:3-14 (Docket No. 9).)  Insurers are
17  required "to notify a claimant of any applicable time limits that
18  might apply to the claim."  Doheny Park Terrace Homeowners Ass'n,
19  Inc. v. Truck Ins. Exch., 132 Cal. App. 4th 1076, 1091 (2d Dist.
20  2005); see Cal. Code Regs. tit. 10, § 2695.4 ("Every insurer
21  shall disclose to a first party claimant or beneficiary, all . .
22  . time limits . . . of any insurance policy issued by that
23  insurer that may apply to the claim presented by the claimant.").
24  However, the Complaint contains no allegation that defendant
25  failed to inform plaintiff of the applicable suit limitations
26  provision, however.  Thus this argument fails.

27          Because the policy contains a valid suit limitations
28  clause, plaintiff failed to file suit within the contractually

required time period, and there is no allegation of an applicable exception, the court must grant defendant's motion to dismiss the Complaint for failure to file suit within the contractual limitations period.

Defendant also separately moves to dismiss plaintiff's third cause of action for intentional infliction of emotional distress because plaintiff does not allege defendant engaged in any extreme and outrageous conduct.  (See Def.'s Mot. 9:9-10:10.) While an insurance company's handling of a claim may result in liability for intentional infliction of emotional distress, Mintz v. Blue Cross of California, 172 Cal. App. 4th 1594, 1608 (2d Dist. 2009), "[m]ere denial or delay of insurance benefits does not constitute outrageous conduct," Cooper v. TriWest Healthcare Alliance Corp., No. 11-CV-2965-L(RBB), 2013 WL 55883784, at *6 (S.D. Cal. Oct. 30, 2013).

Here, plaintiff fails to allege any conduct by defendant that could be construed as extreme and outrageous conduct.  Plaintiff's counsel does not dispute the insufficiency of this cause of action in his papers or at oral argument.  (See Pl.'s Opp'n 9:15-16.)  Accordingly, the court must grant defendant's motion to dismiss plaintiff's third cause of action for intentional infliction of emotional distress.

IT IS THEREFORE ORDERED that defendant's motion to dismiss plaintiff's Complaint be, and the same hereby is, GRANTED.

Plaintiff has twenty days from the date this Order is signed to file a first amended complaint, if he can do so

consistent with this Order.

Dated: February 9, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE